IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 22, 2025

**STATE OF TENNESSEE v. DETARUS BROWN**

**Appeal from the Circuit Court for Maury County**
**No. 28857     David L. Allen, Judge**

_____

**No. M2024-00111-CCA-R3-CD**

_____

Defendant, Detarus Brown, appeals from the Maury County Circuit Court's order partially denying his motion to correct his sentence, and Defendant contends that the trial court should have treated his motion as a petition for post-conviction relief. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and ROBERT L. HOLLOWAY, JR., JJ., joined.

David Christensen (at petition and on appeal) and John Schweri (at guilty plea, motion, and hearing), Columbia, Tennessee, for the appellant, Detarus Brown.

Jonathan Skrmetti, Attorney General and Reporter; Katherine C. Redding, Senior Assistant Attorney General; Brent Cooper, District Attorney General; and Kyle Dodd, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In March 2021, Defendant was indicted by the Maury County Grand Jury for one count of aggravated robbery that occurred in August 2014. Defendant had already been convicted of robberies that occurred in and around August 2014 in Giles County and Lawrence County, for which he was serving an effective ten-year sentence.[1] Defendant

_____

[1] The judgments of conviction for these offenses are not in the record before us. A TOMIS report that was admitted as an exhibit to the hearing on Defendant's "Motion to Correct Jail Credits and Clarify Sentence" reflects that Defendant was convicted of two robberies in Giles County, for which he received nine-year sentences, and three robberies in Lawrence County, for which he received five-year sentences. The report

pleaded guilty as charged in the underlying case and was sentenced to eight years' confinement to be served concurrently with any sentence he received as the result of a pending parole revocation in the other cases. The judgment of conviction, entered on August 4, 2021, reflects that Defendant pleaded guilty to one count of aggravated robbery and was sentenced to eight years to be served at eighty-five percent and concurrently with Defendant's "[p]ending [p]arole revocation, if [p]arole is revoked." The trial court awarded Defendant pretrial jail credit from February 25, 2021 to March 4, 2021.

On January 28, 2022, Defendant sent the trial court a letter requesting that he "be brought back in front of the courts to resolve [a] clerical error" in his sentence. Defendant stated that the Tennessee Department of Correction ("TDOC") considered his sentence "illegal" and had calculated his sentence to run consecutively to, rather than concurrently with his sentence of "10 years at 35%" in his other cases.

On June 8, 2022, the trial court entered a status order stating, "this matter appears to be between Defendant and TDOC Sentence Management and may be removed from the docket." On August 8, 2023, the trial court received another letter from Defendant asserting that "a gross negligence" had resulted in his "civil rights" being violated because his sentence should have already expired. Defendant requested that his judgment form "be amended due to a clerical error . . . as soon as possible."

On September 22, 2023, Defendant filed through counsel a "Motion to Correct Jail Credits and Clarify Sentence" pursuant to Tennessee Rule of Criminal Procedure 36. The relief requested in the motion was a corrected judgment that "reinterpret[ed] the calculations for TDOC reference" and "reflect[ed] accurate jail credits." The motion averred that TDOC was running Defendant's sentence consecutively to his parole revocation sentence contrary to what Defendant's plea agreement stated. The motion also stated that Defendant was prejudiced by the seven-year delay in his being served with the warrant in this case because he "had already served time in prison for similar incidents that occurred in the same several-month period in 2014 while he was a troubled young man." Defendant asserted his sentence in this case could have run concurrently with his other sentence were it not for the delay.

A hearing was held at which counsel for Defendant explained, "this [case] has one of the most convoluted histories I've ever seen." He argued that Defendant should have been awarded additional pretrial jail credit for the approximately one month he was incarcerated prior to the entry of his guilty plea in August 2021. Counsel further asserted

---

does not indicate the alignment of the sentences, but counsel for Defendant advised the trial court at the hearing on the motion that "it was three nines out of Giles, r[u]n concurrent with the ten at 35 in Lawrence County."

that the delay in serving Defendant in this case effectively resulted in his Maury County sentence being run consecutively to his other sentences instead of concurrently as contemplated in the plea agreement. He asserted Defendant "was findable, meaning he was in prison, that whole time and should have been served. This prejudiced him because that sentence could have run concurrent[ly] or been part of a global settlement that should have taken place seven years prior."

Defendant testified, regarding his guilty plea in this case, "I was under the impression when I signed for this eight that it was going to run concurrent with the ten. . . . But they didn't. They stacked it." Defendant testified that he "never" would have entered the plea as agreed upon if he knew the sentences would be "stacked" instead of running concurrently. When he entered his guilty plea, he believed the sentences would "just come together" and the eight-year sentence would expire with the ten-year sentence he was already serving. In other words, Defendant believed all of his jail credits in the Giles County case would be applied to his Maury County sentence.

The State agreed that Defendant was entitled to pretrial jail credit for any time he was incarcerated for the charge in this case prior to the entry of his guilty plea, but the State argued any time Defendant served on his other sentences did not count towards his sentence in this case until after the entry of his guilty plea. The prosecutor explained, "Concurrent does not mean we go all the way back to the beginning. Concurrent means from this point forward sentence A and sentence B are running together. So, I'm not sure that [Defendant] is entitled to much beyond what the judgment sheet already reflects."

Both parties anticipated the filing of an appeal to this Court to resolve the issue. At the conclusion of the hearing, the trial court agreed, stating, "I think it's going to take the Court of Criminal Appeals to get us the right answer." The court then awarded additional jail credit for July 9 through August 4, 2021, and the court "den[ied] the remaining relief in [Defendant's] motion."[2]

This Court waived the timely filing of Defendant's notice of appeal, and this appeal followed. On appeal, Defendant asserts that the trial court erred by not treating his letter as a petition for post-conviction relief "rather than a jail credit issue." Defendant alleges that he received ineffective assistance of counsel and that his plea was involuntary because trial counsel "should have recognized" that a concurrent sentence in this case would not result in Defendant's receiving credit for time served on his Giles County sentence prior to the indictment in this case. The State responds that Defendant did not raise any constitutional claims in his letters or motion and the trial court properly interpreted Defendant's pleadings as a request to correct a clerical error.

---

[2] An amended judgment was entered on November 16, 2023, reflecting the additional pretrial jail credit.

We must determine whether the trial court properly considered Defendant's claims as a motion to correct a clerical error. We recognize that "[p]leadings prepared by pro se litigants untrained in the law should be measured by less stringent standards than those applied to pleadings prepared by lawyers." *Stewart v. Schofield*, 368 S.W.3d 457, 462 (Tenn. 2012). Additionally, "a trial court is not bound by the title of the pleading but has the discretion to treat the pleading according to the relief sought." *Norton v. Everhart*, 895 S.W.2d 317, 319 (Tenn. 1995) (citations omitted).

In his first letter to the court, Defendant requested correction of a "clerical error" and asserted that his sentence was "illegal." In Defendant's second letter, he again requested correction of a clerical error and referenced "a gross negligence" that resulted in his "civil rights" being violated because his sentence should have expired.

Tennessee Rule of Criminal Procedure 36 provides that "the court may at any time correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission." Tenn. R. Crim. P. 36. "Clerical errors 'arise simply from a clerical mistake in filling out the uniform judgment document' and may be corrected at any time under Tennessee Rule of Criminal Procedure 36." *State v. Wooden*, 478 S.W.3d 585, 595 (Tenn. 2015) (quoting *Cantrell v. Easterling*, 346 S.W.3d 445, 449 (Tenn. 2011)). Failure to award pretrial jail credits is a clerical error. *State v. Brown*, 479 S.W.3d 200, 213 (Tenn. 2015). A clerical error does not render the sentence illegal. *Id.*

Trial courts have a statutory duty to award pretrial jail credit. *See* T.C.A. § 40-23-101(c). The judgment form for any criminal conviction shall indicate "[t]he amount, if any, of pretrial jail credit awarded pursuant to [section] 40-23-101[.]" *Id.* § 40-35-209(e)(1)(P). The appropriate avenue for relief for a defendant who seeks to challenge the trial court's failure to award pretrial jail credit is to seek correction of a clerical mistake pursuant to Tennessee Rule of Criminal Procedure 36. *Anderson v. Washburn*, No. M2018-00661-SC-R11-HC, 2019 WL 3071311, at *1 (Tenn. June 27, 2019) (order).

"This Court has repeatedly held that [section] 40-23-101(c) provides for credits against the sentence only if the incarceration, claimed as a basis for the credits, arises from the offense for which the sentence was imposed." *State v. Cavitt*, No. E1999-00304-CCA-R3-CD, 2000 WL 964941, at *2 (Tenn. Crim. App. July 13, 2000). Put another way, "pretrial jail credits do not include time spent incarcerated on another conviction or before the commission of the offense at issue." *State v. Rivers*, No. W2018-00861-CCA-R3-CD, 2019 WL 3776026, at *7 (Tenn. Crim. App. Aug. 9, 2019) (citing *Cavitt*, 2000 WL 964941, at *2).

Here, the trial court considered Defendant's letters and subsequent motion as a request to resolve a "clerical error" and, following a hearing, determined Defendant was entitled to additional pretrial jail credit for the time he was incarcerated on the Maury County charge. Defendant now argues that his "letter raised [c]onstitutional issues – specifically that [Defendant] entered an unknowing, involuntary, and unintelligent guilty plea as well as received ineffective assistance of counsel – that should have been addressed under the Post-Conviction Relief Act rather than as a motion for jail credit."

In *Archer v. State*, our supreme court noted that, when a petition is "a request for relief that may be granted only pursuant to the post-conviction statutes, a court may properly treat that petition as a petition for post-conviction relief," subject to the statute of limitations for post-conviction proceedings. 851 S.W.2d 157, 164 (Tenn. 1993). Post-conviction relief is available when a conviction or sentence is void or voidable due to the violation of a constitutional right. T.C.A. § 40-30-103.

We fail to see, by any stretch, how Defendant's January 28, 2022 letter to the trial court made any constitutional claim that could be addressed under the Post-Conviction Procedure Act. The letter states that "TDOC is saying [his Maury County sentence is] an illegal sentence" and that "on TOMIS [the sentence] is showing as if it's a consecutive sentence." Defendant requested that the court "resolve this clerical error[.]" Defendant's second letter, sent on August 8, 2023, similarly requested that his judgment "be amended due to a major clerical error[.]" Defendant's motion, filed September 22, 2023, requested that the trial court "reinterpret the calculations for TDOC reference and enter a new [j]udgment [s]heet reflecting accurate jail credits." It stated that Defendant's sentence was "being run consecutively . . . despite what was agreed upon on August 4[], 2021." The motion alleged that Defendant "was prejudiced with unconstitutional delay" in bringing the Maury County charge against him. It was not until the hearing on the motion, when Defendant testified that he would not have entered his guilty plea had he known the effect of his sentence, that Defendant made a claim for relief cognizable under the Post-Conviction Procedure Act.

Even if we were to interpret Defendant's "Motion to Correct Jail Credits and Clarify Sentence" as a petition for post-conviction relief, however, it was filed well beyond the statute of limitations. An incarcerated individual must file a petition for post-conviction relief "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final." T.C.A. § 40-30-102(a). Defendant did not file a direct appeal in this case, so the date of final judgment was September 3, 2021, thirty days after Defendant entered his guilty plea, which was more than two years before Defendant filed his motion. *See State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003) (holding that a judgment of conviction from a guilty plea becomes final thirty days after entry).

We conclude that the trial court did not err by construing Defendant's letter as a request to correct a clerical error. We further decline to address the merits of Defendant's argument under a post-conviction framework because the time for filing such a petition has expired.

CONCLUSION

Based on the foregoing, the judgment of the trial court is affirmed.

s/ Timothy L. Easter
TIMOTHY L. EASTER, JUDGE